UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BENJAMIN STROMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; RON DAVIS; S. CLEMENT; R. FLEMING; D. BUNCH; R. QUESADA; and DOES 1-100,<br><br>　　　　Defendants. | CIV NO. 2:14-524 WBS CKD<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS |

----oo0oo----

　　　　Plaintiff Benjamin Stroman brought this civil rights action against the California Department of Corrections and Rehabilitation ("CDCR") and several of its employees arising out of injuries he suffered while incarcerated at Valley State Prison. CDCR now moves to dismiss plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(1)[1] on the

---

[1] Although CDCR represents that its motion to dismiss is brought pursuant to Rule 12(b)(6) for failure to state a claim

1

1 basis that those claims are barred by the Eleventh Amendment.[2]

2       The Eleventh Amendment bars any suit against a state or
3 state agency absent a valid waiver or abrogation of its sovereign
4 immunity.  Seminole Tribe, 517 U.S. at 54; Hans v. Louisiana, 134
5 U.S. 1, 10 (1890).  This immunity applies regardless of whether a
6 state or state agency is sued for damages or injunctive relief,
7 Alabama v. Pugh, 438 U.S. 731, 732 (1978), and regardless of
8 whether the plaintiff's claim arises under federal or state law,
9 Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 121
10 (1984).  While Congress may validly abrogate a state's sovereign
11 immunity by statute, the Supreme Court has repeatedly emphasized
12 that "§ 1983 was not intended to abrogate a State's Eleventh
13 Amendment immunity."  Kentucky v. Graham, 473 U.S. 159, 169 n.17
14 (1985); accord Quern v. Jordan, 440 U.S. 332, 342 (1979).

15      Both the Ninth Circuit and the Supreme Court have
16 recognized that the "State of California has not waived its
17 Eleventh Amendment immunity with respect to claims brought under
18 § 1983 in federal court."  Dittman v. California, 191 F.3d 1020,
19 1025-26 (9th Cir. 1999); see also Atascadero State Hosp. v.
20 Scanlon, 473 U.S. 234, 241 (1985), superseded on other grounds by

---

upon which relief can be granted, the court construes it as a motion under Rule 12(b)(1) because, "though styled as an 'immunity,' the Eleventh Amendment limits the subject-matter jurisdiction of the federal courts."  New Star Lasers, Inc. v. Regents of Univ. of Cal., 63 F. Supp. 2d 1240, 1242 (E.D. Cal. 1999) (citing Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 53-54 (1996)).

[2]  The parties have requested that this motion be submitted without oral argument, and the court has determined that oral argument would not be of material assistance.  The court therefore orders this matter submitted on the briefs.  E.D. Cal. L.R. 230(g).

2

statute, Rehabilitation Act Amendments of 1986, 42 U.S.C. § 2000d-7 (observing that the California Constitution does not waive the state's Eleventh Amendment immunity).  In the context of prisoner lawsuits against CDCR, the Ninth Circuit has expressly and repeatedly held that CDCR is immune from suit under the Eleventh Amendment.  See, e.g., Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) ("The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity."); Fulcher v. Cal. Dep't of Corrs., 297 Fed. App'x 645, 646 (9th Cir. 2008) ("[T]he California Department of Corrections . . . is a state agency that is immune from liability under the Eleventh Amendment."); cf. Holley v. Cal. Dep't of Corrs., 599 F.3d 1108, 1111-12 (9th Cir. 2010) (affirming dismissal of complaint against CDCR because California had not constructively waived its sovereign immunity by accepting federal funds).

        Plaintiff also brings state-law claims against CDCR for violations of the California Constitution, violations of California Civil Code section 52.1, and intentional infliction of emotional distress.  Because California has not waived its sovereign immunity with respect to those claims, they are also barred by the Eleventh Amendment.  See Pennhurst, 465 U.S. at 121; Ashker v. Cal. Dep't of Corrs., 112 F.3d 392, 394 (9th Cir. 1997) (noting that a suit against CDCR arising under state law would be barred by the Eleventh Amendment).  Accordingly, because the Eleventh Amendment bars both plaintiff's federal-law and state-law claims against CDCR, the court must grant CDCR's motion

to dismiss.[3]

IT IS THEREFORE ORDERED that the California Department of Corrections and Rehabilitation's motion to dismiss be, and the same hereby is, GRANTED.  Plaintiff's claims against the California Department of Corrections and Rehabilitation are hereby DISMISSED WITH PREJUDICE.

Dated:  May 28, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3]  Because plaintiff cannot plausibly amend his complaint to allege that Congress has abrogated California's Eleventh Amendment immunity or that California has waived that immunity, the court will dismiss plaintiff's claims against CDCR with prejudice and without leave to amend.  See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1031 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.")